UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIN WANG, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-03501-MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On August 4, 2014, Plaintiffs Lin Wang and Fen Ying Yin filed the instant complaint. Despite two orders to show cause regarding service on Defendants, there is no indication that Defendants have been served in accordance with Federal Rule of Civil Procedure 4. Plaintiffs have also failed to respond to the most recent order to show cause, and the Court warned them that it may dismiss the case for failure to prosecute. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

## LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liab. Litig.* ("*In re PPA*"), 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

**DISCUSSION**

Here, the Court finds that the *Henderson* factors support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiffs delayed adjudication of the claims in this case by failing to serve Defendants and failing to respond to this Court's most recent show cause order.

Second, the Court's need to manage its docket also weighs in favor of dismissal. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Plaintiffs failed to respond to the Court's Second Order to Show Cause and offered no explanation for the failure to serve Defendants after the Court continued the deadlines in this case. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See, e.g., Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . .

2

1  . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing two show cause orders and giving Plaintiffs an opportunity to explain the failure to serve Defendants. As Plaintiffs failed to respond, another order requiring Plaintiffs to respond is likely to be futile. *See, e.g., Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the Order to Show Cause warned Plaintiffs of the risk of dismissal; thus Plaintiffs cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274. Accordingly, the Court finds that the fifth factor also weighs in favor of dismissal.

## CONCLUSION

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal. There is no indication that Plaintiffs have served Defendants and they failed to respond to the second order to show cause. Thus, Plaintiffs failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to Defendants, but dismissing the case without prejudice will preserve the ability of Plaintiffs to seek relief. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds that dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013)

(remanding to the district court in order to consider whether dismissal should have been without prejudice).

Accordingly, because Plaintiffs did not yet file a consent to the undersigned's jurisdiction, the Court hereby ORDERS the Clerk of Court to reassign this case to a district court judge. The undersigned RECOMMENDS that the newly-assigned judge DISMISS this case WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines and orders.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: February 2, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge